FOURTH DIVISION
FILED:  November 22, 2006

No. 1-04-2084

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04 CR 4762 |
| | ) | |
| LEVITA WATKINS, | ) | Honorable Joseph M. Claps, |
| | ) | Judge Presiding |
| Defendant-Appellant. | ) | |

JUDGE MURPHY delivered the opinion of the Court:

Following a bench trial, defendant Levita Watkins was convicted of aggravated battery and sentenced to two years' imprisonment.  On appeal, defendant contends that: (1) the trial court improperly admitted two witnesses' prior inconsistent statements as substantive evidence, and (2) the extraction and storage of her DNA violates her fourth amendment rights.  We affirm.

Defendant and five other individuals were charged with and jointly tried for, in relevant part, the aggravated battery of Shirley Brooks on August 24, 2003, in a parking lot behind Rockwell Gardens in Chicago during an altercation involving, among others, defendant and Shirley.  At trial, Shirley testified that she was in a car with five female companions, including Felicia Foy and Valerie Harris.  Defendant, who was accompanied by several other people, approached and hit the driver's side of the car with a golf club.  The passengers in the car emerged, and an argument ensued.  Shirley acknowledged that she had a history of altercations with defendant.

Defendant sprayed Felicia with mace. Defendant subsequently charged at Shirley and swung the golf club at her, but missed. Shirley turned around, and a codefendant, Latonya Jefferson, sprayed mace at her. Defendant then hit Shirley in the back with the club, causing a bruise. Although Shirley admitted on cross-examination that she had trouble seeing after being sprayed with mace and that she was struck from behind, she still consistently identified defendant as her attacker. Shirley reasoned that defendant was "standing in [her] face with the golf club before [she] got maced," and then, immediately after she turned around, she was struck from behind. Shirley testified before the grand jury that defendant was her attacker.

Felicia and Valerie corroborated Shirley's testimony. In particular, they stated that they were in a car with Shirley and Sharonda Foy when defendant came up and hit the car with a golf club. However, they did not see defendant strike Shirley.

Sharonda, who was identified as one of the occupants of the car with Shirley, and her brother Fedell Foy, who apparently saw the altercation in the parking lot, were also called to testify. They initially refused to testify, so the trial court appointed counsel to advise them of the consequences of such a refusal. They subsequently agreed to testify but stated that "they no longer remember anything that occurred during these incidents *** [or] the statement that they made to the police or the grand jury." Fedell and Sharonda answered "I don't recall," "I don't remember," or "I can't remember" to virtually every question that was asked. However, Fedell admitted that his vision was impaired as a result of being shot with a BB gun in 2000. Sharonda noted that Shirley and defendant had a history of fighting. Both Sharonda and Fedell admitted remembering that they testified before the grand jury.

The State moved to admit Sharonda's and Fedell's grand jury testimony, as well as Fedell's statement to the police, as both substantive and impeachment evidence. Defense counsel objected, arguing that the statements did not satisfy the requirement for admitting prior inconsistent statements (725 ILCS 5/115-10.1 (West 2004)). The trial court overruled the objection and admitted the statements.

In their grand jury testimony, Sharonda and Fedell corroborated Valerie's and Felicia's trial testimony. In a statement taken by an assistant State's Attorney, Fedell implicated defendant as one of five individuals who were hitting his family with bricks, golf clubs, and bottles. However, he did not specifically identify defendant as having hit Shirley.

Detective Luis Munoz testified that Shirley, Valerie, Felicia, and Fedell had been cooperating with the police in the investigation of a July 2003 murder. Two members of the Traveling Vice Lords were suspects in the murder. Shirley testified that defendant was associated with the Traveling Vice Lords.

The parties stipulated that Officer Kozenko would testify that Shirley and Valerie identified defendant and Timisha Jackson, a codefendant, as their attackers. He would also testify that the victims refused medical attention. The parties further stipulated to the admissibility of Fedell's and Sharonda's prior statements, *i.e.*, that Fedell gave a statement to the police and that Fedell and Sharonda previously testified before the grand jury. The trial court found defendant guilty of aggravated battery of Shirley.

On appeal, defendant first contends that the trial court erred in admitting Sharonda's and Fedell's prior inconsistent statements as substantive evidence, arguing that their statements were

not admissible under section 115-10.1 of the Illinois Criminal Code of 1961 (the Code) (725 ILCS 5/115-10.1 (West 2004)) because she did not have a meaningful opportunity to cross-examine them about the substance of their statements. In response, the State contends that defendant waived the issue by stipulating to the admission of the subject statements, the trial court properly admitted Sharonda's and Fedell's prior statements as substantive evidence, and Sharonda's and Fedell's presence at trial provided defendant with an adequate opportunity to cross-examine them about their prior statements.

The State initially asserts that defendant has forfeited our review of this issue because defendant stipulated to the admission of the subject prior statements. *E.g.*, People v. Bush, 214 Ill. 2d 318, 332 (2005) (stipulating to the admission of evidence, even if improper, eliminates a challenge on appeal). Defendant contends that she properly preserved the issue by objecting at trial and including the same objection in a written posttrial motion. People v. Enoch, 122 Ill. 2d 176 (1988). Defendant included the issue in her posttrial motion.

Regarding trial, defendant directs our attention to the record where the State presented Sharonda and Fedell as witnesses. At that time, the trial court asked defense counsel whether he would stipulate to the State laying a foundation to show that Sharonda and Fedell made the statements at issue. Defense counsel responded that he was not "going to put the State through the formality of bringing in the court reporter" and added that he would take "as accurate" that the witnesses were questioned according to their grand jury testimony. In addition, he stated that "we can go forward assuming [Fedell] made the statement [to the police]."

After Sharonda and Fedell testified, the State expressly sought to admit the subject

statements as substantive evidence under section 115-10.1 only. The trial court found the prior statements were inconsistent and further ruled that "should the State lay the foundation for the admissibility as required by section 5/115-10.1," it would consider the subject again. After all the State's witnesses testified, the parties entered into certain stipulations just before the State rested. The stipulations included the admission of the verbatim transcripts of the three subject prior statements. At that time, defendant did not object and only said "[s]o stipulated." The State then rested.

Based on this record, we find that defendant's final stipulation to the admissibility of the prior statements without qualification forfeits the issue for our review.

Forfeiture aside, the trial court properly admitted as substantive evidence Sharonda's and Fedell's statements because they satisfied the requirements for prior inconsistent statements according to section 115-10.1 of the Code. In particular, section 115-10.1 of the Code provides as an exception to the hearsay rule that a prior statement by a witness may be admissible as substantive evidence as long as it is inconsistent with his trial testimony, the witness is subject to cross-examination concerning the statement, and the statement was made under oath at a trial, hearing, or other proceeding. People v. Martinez, 348 Ill. App. 3d 521, 532 (2004). We apply an abuse of discretion standard regarding the trial court's decision to admit as substantive evidence Sharonda's and Fedell's prior statements. People v. Flores, 128 Ill. 2d 66, 88 (1989).

Defendant solely challenges the second requirement, arguing that Sharonda and Fedell were not subject to a meaningful cross-examination about their prior statements because their professed memory loss deprived defendant of such an opportunity. In determining whether the

cross-examination requirement of section 115-10.1 was satisfied, our supreme court has stated that it is sufficient if "the declarant is testifying as a witness and subject to full and effective cross-examination." Flores, 128 Ill. 2d at 88-89 (finding that a witness's grand jury testimony was properly admitted despite the witness's assertion at trial that he had no recollection of a conversation with the defendant regarding the death of the victim), citing United States v. Owens, 484 U.S. 554, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988). A defendant is not entitled to a successful cross-examination of a witness about the events underlying his prior statement but, rather, is merely provided an opportunity for effective cross-examination. Owens, 484 U.S. at 559, 98 L.Ed.2d at 958, 108 S.Ct. at 842. For instance, a witness's inability to recall the basis for his testimony does not deprive a defendant of the opportunity for effective cross-examination. Flores, 128 Ill. 2d at 89-90, quoting Owens, 484 U.S. at 559, 92 L.Ed. 2d at 958, 108 S.Ct. at 842, (noting that a witness's assertion of memory loss is often the goal of cross-examination).

Here, the record demonstrates that defendant thoroughly cross-examined Sharonda and Fedell. In particular, he questioned them about their ability to recall the details concerning the altercation. They remembered that they testified before the grand jury. Defendant thus had an ample opportunity to cross-examine Sharonda and Fedell. Martinez, 348 Ill. App. 3d at 533.

Although defendant relies upon People v. Redd, 135 Ill. 2d 252 (1990), and People v. Yarbrough, 166 Ill. App. 3d 825 (1988), for the proposition that section 115-10.1 of the Code provides a broader guarantee of cross-examination than the confrontation clause of the sixth amendment, we are not persuaded that these cases adequately support defendant's argument. First, defendant misconstrues Redd, as it merely requires that a witness be available for

questioning about the prior statement, not that the witness have a clear recollection of the events underpinning the statement. Redd, 135 Ill. 2d at 309-10. Accordingly, section 115-10.1 does not create a broader protection than that of the confrontation clause but, rather, applies confrontation clause jurisprudence to interpret the phrase "subject to cross-examination." People v. Wheatley, 187 Ill. App. 3d 371, 380 (1989). We also find Redd distinguishable, as the witness there invoked the fifth amendment privilege and refused to answer any questions regarding his grand jury testimony. Redd, 135 Ill. 2d at 297-98. In finding that the trial court erred in admitting his prior inconsistent statements as substantive evidence, our supreme court noted that the witness's total refusal to respond to the questions posed wholly undermined the cross-examination requirement. Redd, 135 Ill. 2d at 312. The court thus found that the witness's presence insufficiently ensured the defendant's right to an effective cross-examination. Redd, 135 Ill. 2d at 312.

In the instant case, there was not a total undermining of the cross-examination requirement. In fact, not only were Sharonda and Fedell present at trial, but they willingly answered questions. For example, the fact that Fedell admitted on cross-examination that he had poor vision demonstrates his willingness to answer defendant's questions. Owens, 484 U.S. at 559, 98 L.Ed. at 958, 108 S.Ct. at 842 (noting that a defendant's ability to bring out on cross-examination that a defendant has a bad memory or poor eyesight sufficiently establishes that he had the opportunity to conduct an effective cross-examination). Instead of invoking the fifth amendment privilege or refusing to answer defendant's questions on cross-examination, Sharonda and Fedell testified that they were merely unable to recall their prior statements and the

details of the altercation. Where a witness has been unable to recall the substantive details underpinning a prior statement, we have held that such a gap in his memory does not violate the cross-examination requirement. *E.g.*, Martinez, 348 Ill. App. 3d at 530 (although the witness was unsure at trial of the events underlying her identification of the defendant, she testified that she was certain of her identification and of the veracity of her statement that she gave to the police when the events were fresh in her mind).

Second, we find Yarbrough distinguishable, as the witness there denied remembering that he testified before the grand jury, as well as the substantive details concerning his grand jury testimony. Yarbrough, 166 Ill. App. 3d at 828. Accordingly, the court found that the witness's failure to recall testifying before the grand jury effectively deprived defendant of an opportunity for meaningful cross-examination. Yarbrough, 166 Ill. App. 3d at 831. We note that Yarbrough predates both Redd and Flores. In addition, in the instant case, Sharonda and Fedell both recalled testifying before the grand jury, not recalling the substance of their testimony. Wheatley, 187 Ill. App. 3d at 376 (finding that the trial court properly admitted the witness's grand jury testimony because he acknowledged that he testified before the grand jury, notwithstanding his answer "I don't remember" to virtually every question asked by defendant). Accordingly, Sharonda's and Fedell's asserted memory loss did not deprive defendant of the opportunity for an effective cross-examination. Therefore, we find that the trial court properly admitted Fedell's and Sharonda's prior inconsistent statements as substantive evidence.

Even assuming that the trial court erred in admitting as substantive evidence Sharonda's and Fedell's prior statements, we find the error to be harmless. Their prior statements did not

directly identify defendant as Shirley's attacker. Although Sharonda's and Fedell's prior statements may have had a more substantial impact upon the other counts in the indictment, such as those for aggravated intimidation, the admission of their statements, as they pertained to defendant's aggravated battery conviction, was not reversible error.

Sharonda's and Fedell's prior statements aside, there was sufficient evidence to convict defendant of aggravated battery of Shirley. People v. Miller, 173 Ill. 2d 167 (1996) (where evidence of the defendant's guilt overwhelmed the improper admission of a police officer's testimony). Shirley consistently identified defendant as her assailant. Because the trial court found defendant guilty of aggravated battery of Shirley, and Shirley was the only one who identified defendant as her attacker, we infer that the trial court found Shirley credible. People v. Hampton, 363 Ill. App. 3d 293, 301-02 (2006) (the testimony of a single credible witness is sufficient to convict); People v. Barnes, 364 Ill. App. 3d 888, 895 (2006) (a single credible witness's opportunity to make a positive identification is sufficient to convict).

In addition, Sharonda's and Fedell's prior statements, as they pertained to the battery of Shirley, were duplicative of the testimony of Valerie and Felicia, which defendant does not challenge. People v. Sims, 285 Ill. App. 3d 598, 610 (1996) (although the trial court improperly allowed the State to impeach the witness with one prior inconsistent statement, it was merely cumulative of a second prior inconsistent statement that was properly allowed to be used). Valerie and Felicia, as well as Detective Munoz, established the circumstances leading to the altercation, including that defendant struck their car with a golf club and sprayed them with mace in retaliation for their cooperation with the police in the murder investigation. Accordingly, we

are not persuaded that Sharonda's and Fedell's prior inconsistent statements contributed to defendant's conviction, and thus, the admission of their prior statement was harmless.

Second, defendant correctly acknowledges in her reply brief that our supreme court recently rejected her argument that the extraction and storage of her DNA pursuant to the Illinois DNA databank statute (730 ILCS 5/5-4-3 (West 2004)) violates her fourth amendment rights. People v. Garvin, 219 Ill. 2d 104 (2006). Therefore, we find that defendant's fourth amendment rights were not violated.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN, P.J., and NEVILLE, J., concur.