Filed 5/13/10          NO. 4-08-0707

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| LAURIE A. TRACEWSKI | ) | No. 07CM610 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Laurie A. Tracewski, appeals the trial court's guilty finding on one count of domestic battery, arguing a prior inconsistent statement from the victim was not admissible pursuant to section 115-10.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10.1 (West 2008)) and that the admission of the prior inconsistent statement violated her sixth-amendment right to confrontation.  We affirm.

I. BACKGROUND

On March 26, 2007, the State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2006)), in that she knowingly and without legal justification made physical contact of an insulting or provoking nature with Lisa Gipson (count I) and Lyle Hudson (count II).

A bystander's report revealed the following facts.  On

May 19, 2008, defendant signed a document indicating she was pleading not guilty and waiving a jury trial. The trial court admonished her as to each right she was giving up. Defendant indicated she understood her rights.

A bench trial was held on August 25, 2008. Lisa Gipson, defendant's sister, testified that on March 25, 2007, Gipson, defendant, and Lyle Hudson (Gipson's boyfriend) were at 501 East Mulberry, Apartment 3, in Bloomington, Illinois. Gipson identified defendant in open court but stated she did not recall the events from March 25, 2007, because she had been drinking for a month straight. However, Gipson acknowledged writing and signing the statement in State's exhibit No. 1, which was dated March 25, 2007, and stated as follows: "[Defendant] kicked Lyle Hudson's door and then hit him and myself. She kicked me in my head and arm." The injuries shown in State's exhibit Nos. 2 and 3 are injuries to Gipson's leg and scratch on her left arm respectively. Gipson stated she did not recall how she received the injuries. Gipson stated she has a good relationship with defendant.

On cross-examination, Gipson testified she had been on Darvocet for a concussion, she was not supposed to be drinking, and that she blacked out on the night of the alleged incident. She again stated she did not recall writing the statement contained in State's exhibit No. 1. However, Gipson did remember

being pushed down the stairs, but the bystander's report did not say by whom.

Ivy Thornton, a Bloomington police officer, testified she spoke to defendant and the two alleged victims on the date in question. Defendant, Gipson, and Hudson were all intoxicated. Defendant was very intoxicated. Gipson was very cooperative and was not as intoxicated as defendant and Hudson. Officer Thornton stated she heard Hudson say to defendant "Don't hit me again. Stop hitting me." Officer Thornton also stated defendant denied doing anything. Gipson had a cut on her arm and red marks on one of her knees and lower legs. Gipson told Officer Thornton that defendant kicked her in the shin and cut her arm because defendant wanted to use Gipson's cell phone and got angry. State's exhibit No. 5 was a photograph of Hudson's leg.

Eric Yamada, a Bloomington police officer, stated that he heard a male and female yelling when he arrived at the scene. Officer Yamada did not recall if Gipson had any trouble filling out the statement on State's exhibit No. 1 but stated she did fill it out voluntarily. Gipson and defendant were intoxicated. Gipson told Officer Yamada that defendant kicked her in the arm and head.

State's exhibit Nos. 1 through 5 were admitted without objection, and the State rested. Defendant moved for a directed verdict, and the trial court denied the motion. Defendant did

- 3 -

not present any evidence.  Closing arguments were made.  The trial court admitted Gipson's statement made in State's exhibit No. 1 as substantive evidence under section 115-10.1 of the Code (725 ILCS 5/115-10.1 (West 2008)) and found defendant guilty of count I and not guilty of count II.

On August 25, 2008, the trial court sentenced defendant to 24 months of conditional discharge and 90 days in McLean County jail that was stayed pending a remission hearing.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues she was denied her right to cross-examine Gipson in violation of the confrontation clause under Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), and section 115-10.1 of the Code (725 ILCS 5/115-10.1 (West 2008)).  Specifically, defendant contends the trial court erred in admitting Gipson's written statement because defendant was not able to effectively cross-examine Gipson due to Gipson's memory loss.  The State maintains that defendant's sixth-amendment right to confrontation was not violated because Gipson was subject to cross-examination and Gipson's written statement satisfied both Crawford and section 115-10.1.

Initially, we recognize the State's argument that defendant forfeited these issues because she did not file a post-trial motion arguing them.  Defendant's brief did not argue these

issues should be reviewed under the plain-error doctrine. However, as discussed below, the trial court committed no error in admitting Gipson's written statement so there can be no plain error.

> "It is important to note that in determining whether a prior out-of-court statement is admissible, the proponent of the statement first must meet the requirements of the applicable statutory hearsay exception as set out in section[s] 115-10[ through 115-10.5 of the Code] (725 ILCS 5/115-10 [through 115-10.5] (West 2002)). The holding in Crawford should be considered only after the court determines the proffered statement complies with the requirements of the applicable statute." People v. Martinez, 348 Ill. App. 3d 521, 535, 810 N.E.2d 199, 212 (2004).

First, Gipson's written statement satisfies the requirements of section 115-10.1 of the Code. See People v. Hampton, 387 Ill. App. 3d 206, 213, 899 N.E.2d 532, 538-39 (2008). Second, the trial court's decision to admit as substantive evidence Gipson's prior statement was not an abuse of discretion. See People v. Flores, 128 Ill. 2d 66, 87-88, 538 N.E.2d 481, 489 (1989).

"Section 115-10.1 of the Code provides for the substantive admissibility of prior inconsistent statements in criminal cases." People v. Zurita, 295 Ill. App. 3d 1072, 1076, 693 N.E.2d 887, 891 (1998).  The statute reads in relevant part as follows:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement--

***

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

(A) the statement is proved to have been written or signed by the witness, or

(B) the witness acknowledged under oath

the making of the state-
ment either in his testi-
mony at the hearing or
trial in which the admis-
sion into evidence of the
prior statement is being
sought, or at a trial,
hearing, or other pro-
ceeding[.]***

***

Nothing in this [s]ection shall render a
prior inconsistent statement inadmissible for
purposes of impeachment because such state-
ment was not recorded or otherwise fails to
meet the criteria set forth herein."  725
ILCS 5/115-10.1 (West 2008).

Here, the bystander's report shows during Gipson's
trial testimony she acknowledged writing and signing the state-
ment contained in State's exhibit No. 1 but claimed not to
remember the events of March 25, 2007, because she had been
drinking for a month straight.  On cross-examination, Gipson
testified she "blacked out" because she was on medication and was
not supposed to drink alcohol.  She claimed not to recall writing
the statement.

"In determining whether the cross-examination require-
ment of section 115-10.1 was satisfied, our supreme court has
stated that it is sufficient if 'the declarant is testifying as a
witness and subject to full and effective cross-examination.'"
People v. Watkins, 368 Ill. App. 3d 927, 931, 859 N.E.2d 265, 268
(2006), quoting Flores, 128 Ill. 2d at 88, 538 N.E.2d at 489.

> "A defendant is not entitled to a successful
> cross-examination of a witness about the
> events underlying his prior statement but,
> rather, is merely provided an opportunity for
> effective cross-examination. [United States
> v.] Owens, 484 U.S. [554,] 559, 98 L. Ed. 2d
> [951,] 958, 108 S. Ct. [838,] 842 [(1988)].
> For instance, a witness's inability to recall
> the basis for his testimony does not deprive
> a defendant of the opportunity for effective
> cross-examination. Flores, 128 Ill. 2d at
> 89-90[, 538 N.E.2d at 489], quoting Owens,
> 484 U.S. at 559, 98 L. Ed. 2d at 958, 108 S.
> Ct. at 842 (noting that a witness's assertion
> of memory loss is often the goal of cross-
> examination)." Watkins, 368 Ill. App. 3d at
> 931, 859 N.E.2d at 269.

Both the Flores and Watkins courts rejected arguments

that prior inconsistent statements were improperly admitted under 115-10.1 of the Code. The Flores court found that the trial court properly admitted a witness's grand jury testimony despite that witness's claim at trial that he could not recall having a conversation with the defendant regarding the death of the victim. Flores, 128 Ill. 2d at 87-88, 538 N.E.2d at 488-89.

In Watkins, two witnesses answered "'I don't remember,'" "'I don't recall,'" or "'I can't remember'" to almost every question asked of them at trial. Watkins, 368 Ill. App. 3d at 929, 859 N.E.2d at 267. The defendant challenged the admission of prior inconsistent statements to police and the grand jury implicating the defendant in an aggravated battery based on the allegation the witnesses were not subject to meaningful cross-examination because of their professed memory loss regarding their prior statements. Watkins, 368 Ill. App. 3d at 930, 859 N.E.2d at 267. The Watkins court rejected this argument and stated the witness's "asserted memory loss did not deprive defendant of the opportunity for an effective cross-examination." Watkins, 368 Ill. App. 3d at 933, 859 N.E.2d at 270.

Defendant relies on People v. Yarbrough, 166 Ill. App. 3d 825, 520 N.E.2d 1116 (1988), for the proposition she was denied her right to effectively cross-examine Gipson. However, Yarbrough is distinguishable because the witness in that case claimed not to even remember testifying before the grand jury.

<u>Yarbrough</u>, 166 Ill. App. 3d at 831, 520 N.E.2d at 1120.

Here, the bystander's report indicates that on direct examination Gipson acknowledged writing and signing the statement but could not recall the events. On cross-examination, Gipson claimed not to recall writing the statement. Further, of import, <u>Yarbrough</u> predates our supreme court's decision in <u>Flores</u>. "One of the policies underlying section 115-10.1 of the Code is to protect parties from 'turncoat' witnesses who back away from a former statement made under circumstances indicating that it was likely to be true." <u>People v. Speed</u>, 315 Ill. App. 3d 511, 517, 731 N.E.2d 1276, 1281 (2000). Notably, Gipson is defendant's sister and her statement was made shortly after the incident. Therefore, Gipson's written statement satisfies the requirements of section 115-10.1.

However, to be admissible, a witness's prior inconsistent statement must not only satisfy the requirements under section 115-10.1 but also satisfy the confrontation clause. <u>People v. Leonard</u>, 391 Ill. App. 3d 926, 934, 911 N.E.2d 403, 411 (2009). The confrontation clause of the sixth amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him." U.S. Const., amend. VI. "The confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent,

the defense may wish." Hampton, 387 Ill. App. 3d at 214, 899 N.E.2d at 539. In Owens, the Supreme Court stated that the confrontation clause is not "violated by admission of an identification statement of a witness who is unable, because of a memory loss, to testify concerning the basis for the identification." Owens, 484 U.S. at 564, 98 L. Ed. 2d at 961, 108 S. Ct. at 845. The Owens Court further stated as follows:

"Ordinarily a witness is regarded as 'subject to cross-examination' when he is placed on the stand, under oath, and responds willingly to questions. Just as with the constitutional prohibition, limitations on the scope of examination by the trial court or assertions of privilege by the witness may undermine the process to such a degree that meaningful cross-examination within the intent of the [r]ule no longer exists. But that effect is not produced by the witness'[s] assertion of memory loss--which, as discussed earlier, is often the very result sought to be produced by cross-examination, and can be effective in destroying the force of the prior statement." Owens, 484 U.S. at 561-62, 98 L. Ed. 2d at 959, 108 S. Ct. at 844.

See also <u>Leonard</u>, 391 Ill. App. 3d at 934, 911 N.E.2d at 411 ("Generally, a witness is considered subject to cross-examination when he is placed on the stand under oath and willingly answers questions and the opposing party has an opportunity to cross-examine him").

The bystander's report shows that Gipson physically appeared at trial and was subject to cross-examination by defense counsel. "There are no confrontation[-]clause problems merely because the witness's memory problems preclude him from being cross-examined to the extent the parties would have liked." <u>Leonard</u>, 391 Ill. App. 3d at 934-35, 911 N.E.2d at 411. Therefore, the admission of Gipson's written statement did not violate defendant's sixth-amendment right to confront the witnesses against her.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

POPE, J., concurs

STEIGMANN, J., specially concurs

- 12 -

JUSTICE STEIGMANN, specially concurring:

In arguing that defendant's confrontation-clause rights were violated, he places great weight upon the Fifth District's 22-year-old decision in Yarbrough. The majority distinguishes Yarbrough, but I disagree that we should do so. Instead, because Yarbrough was not correctly decided and has since been repudiated (at least implicitly) by several Illinois cases, we should now explicitly repudiate it. Thus, I specially concur although I agree with everything else the majority opinion holds.

Yarbrough stands for the proposition that a witness' prior inconsistent statements would not be admissible under section 115-10.1 of the Code if, when that witness testifies at trial, he is not "subject to meaningful cross-examination" concerning those prior statements because the witness claims that "he cannot remember making the out-of-court statement or the substance of that statement." Yarbrough, 166 Ill. App. 3d at 831, 520 N.E.2d at 1120. The Yarbrough court added, "Obviously, [the] defendant cannot cross-examine a witness with respect to the truth or falsity of an out-of-court statement of which the witness has no memory." Yarbrough, 166 Ill. App. 3d at 831, 520 N.E.2d at 1120.

To reach this decision, the Yarbrough court relied upon Douglas v. Alabama, 380 U.S. 415, 13 L. Ed. 2d 934, 85 S. Ct. 1074 (1965), in which a witness invoked his privilege against

- 13 -

self-incrimination and refused to answer any questions. *Yarbrough*, 166 Ill. App. 3d at 831, 520 N.E.2d at 1120. However, *Douglas* was the wrong case to find United States Supreme Court authority regarding what it means for a witness "to appear for cross-examination" within the meaning of the confrontation clause.

The two United State Supreme Court cases on point, both of which were decided prior to *Yarbrough*, are *Delaware v. Fensterer*, 474 U.S. 15, 88 L. Ed. 2d 15, 106 S. Ct. 292 (1985), and *United States v. Owens*, 484 U.S. 554, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988). Each of these cases dealt with witnesses who, for different reasons, had significant memory lapses regarding the subject of their testimony when they testified as key witnesses against the defendants in those criminal cases. In *Fensterer*, the Supreme Court rejected the defendant's confrontation-clause argument and wrote that "[g]enerally speaking, the [c]onfrontation [c]lause guarantees an _opportunity_ for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Emphasis in original.) *Fensterer*, 474 U.S. at 20, 88 L. Ed. 2d at 19, 106 S. Ct. at 294. In *Owens*, the Supreme Court reaffirmed its holding in *Fensterer* and wrote that "[o]rdinarily a witness is regarded as 'subject to cross-examination' when he is placed on the stand, under oath, and responds

willingly to questions."  Owens, 484 U.S. at 561, 98 L. Ed. 2d at 959, 108 S. Ct. at 844.

In two cases dealing with section 115-10.1 of the Code, the Supreme Court of Illinois has made clear that Fensterer and Owens govern the question of whether a witness "has appeared for cross-examination" within the meaning of the confrontation clause.  Those cases are Flores, 128 Ill. 2d at 88, 538 N.E.2d at 489, cited by the majority, in which the Supreme Court wrote that "a gap in the witness' recollection concerning the content of the prior statement does not necessarily preclude an opportunity for effective cross-examination," and People v. Sutton, 233 Ill. 2d 89, 121, 908 N.E.2d 50, 70 (2009), in which the Illinois Supreme Court held that "an opportunity for effective cross-examination is not denied when a witness'[] past belief is introduced, and he is unable [or unwilling] to recollect the reason for that past belief."

Moreover, as stated earlier, many decisions of the Illinois Appellate Court have repudiated the holding and analysis of Yarbrough either sub silentio or more explicitly.  One of the most recent to do so was Hampton, cited by the majority, in which the First District rejected the defendant's reliance upon both Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), and Yarbrough in his argument that his confrontation-clause rights were violated when a State's witness'

- 15 -

out-of-court statement was admitted under section 115-10.1 of the Code, and the witness claimed not to be able to remember important aspects of what he said in his prior statement.  The First District in <u>Hampton</u> wrote that "decisions issued by the United States Supreme Court and the Illinois Supreme Court after <u>Yarbrough</u> was published render its authority questionable." <u>Hampton</u>, 387 Ill. App. 3d at 213, 899 N.E.2d at 539.  (For a compendium of Illinois cases, as well as cases from other jurisdictions, rejecting the confrontation-clause analysis in <u>Yarbrough</u> and explaining in greater detail the application of <u>Fensterer</u> and <u>Owens</u>, see the recent decision of this court in <u>People v. Bryant</u>, 391 Ill. App. 3d 1072, 909 N.E.2d 391 (2009).)

Contrary to my distinguished colleagues in the First District, as well as my distinguished fellow panelists in this case, I believe the time is long past to stop (1) referring to <u>Yarbrough</u> as "distinguishable" and (2) noting that <u>Yarbrough</u>'s authority is "questionable."  Instead, we should say what we mean: <u>Yarbrough</u> was wrongly decided and this court (and other courts) should not follow it.  To say that its authority is questionable or to attempt to distinguish it merely empowers defendants, like the one in this case, to continue to cite <u>Yarbrough</u> in support of erroneous arguments.