No. 2—09—0612
Opinion filed March 11, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06—CF—405 |
| ADRIAN D. MARTIN, | ) ) | Honorable James C. Hallock, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

Adrian D. Martin appeals his convictions of aggravated battery (720 ILCS 5/12—4(b)(8) (West 2006)) and domestic battery (720 ILCS 5/12—3.2(a)(1) (West 2006)). He contends that the evidence was insufficient because the State relied on the victim's prior written statement, which violated his right to confrontation. Because the victim was subject to cross-examination and the statement was properly admitted, there was sufficient evidence to support the convictions. Accordingly, we affirm.

I. BACKGROUND

On February 23, 2006, Martin was indicted on two counts of domestic battery and one count of aggravated battery in connection with events that occurred on January 1, 2006, during which Martin had a physical altercation with his girlfriend, Shannon Hosey. At issue is a written statement that Hosey provided to police, stating that Martin began hitting her while she was driving. She also wrote that she told Martin she was on the way to the police station and that he then began hitting her face. Hosey wrote that she drove until she saw a police car. On May 24, 2007, a bench trial was held.

At trial, Hosey testified that she was Martin's girlfriend and that they had a child together. She testified that she was driving in Aurora on January 1, 2006. However, she stated that she did not remember any of the events of the incident. Hosey said that she had been drinking and did not remember having an argument with Martin, did not remember any physical altercation or injuries, and did not remember talking to the police. Hosey also said that she did not remember making a written statement. However, when Hosey was shown her written statement and asked if she wrote it, she replied "[i]t's my handwriting."

An Aurora police officer, Officer Ely, testified that, at around 2:50 a.m. on January 1, 2006, he and his partner were walking to their parked squad car when they observed Hosey drive past their location. Hosey then did a fast U-turn, squealing the tires of the car, and rapidly pulled up behind the squad car, coming up onto the curb and sidewalk. Ely testified that Hosey then jumped out of the car, screaming and crying hysterically. Ely observed that Hosey had a cut lip and an injury around her eye. He did not recall detecting any odor of alcohol from her, her speech was not slurred, and he could understand what she said.

Ely testified that Hosey told him that Martin had been grabbing her arm while she was driving and that he began hitting her about the face when she told him to get out of the car. She said that she was driving to the police station while Martin was hitting her. When she saw the officers' car, she turned around and pulled up to it. Ely asked Hosey to provide the written statement. He did not tell her what to write and said that she did not indicate any inability to write. Hosey refused medical treatment, and Martin was arrested. Hosey's statement was allowed into evidence, over Martin's objection, for purposes of impeachment. Martin testified, denying that any physical altercation occurred.

The trial court found that Ely's testimony was credible and that Hosey's testimony was not credible. The court stated that it did not believe that Hosey was telling the truth when she said she could not remember anything. The court then found that the written statement was allowed not just for impeachment, but also as substantive evidence of Martin's guilt. The court found Martin guilty and sentenced him to four years' incarceration. Martin filed a motion to reconsider sentence, but did not file any posttrial motion alleging that the court erred in considering the written statement. Martin appeals.

## II. ANALYSIS

Martin contends that there was insufficient evidence to convict him, because Hosey's statement was wrongly allowed into evidence in violation of his right to confrontation. The State argues that Martin forfeited his arguments concerning the trial court's evidentiary rulings because, although he objected to the evidence, he did not raise the issue in a posttrial motion.

In order to preserve an issue for review, a defendant must both offer a specific objection at trial and raise the matter in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988); *People*

*v. Mendoza*, 354 Ill. App. 3d 621, 627 (2004). Martin does not acknowledge his forfeiture of the issue and does not ask that we review the matter for plain error. Accordingly, any argument concerning plain error has also been forfeited. See *People v. Nieves*, 192 Ill. 2d 487, 503 (2000) (finding that the failure to argue "that the evidence was closely balanced [or that] the error is so severe that it must be remedied to preserve the integrity of the judicial process" forfeited plain error on appeal); see also Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006).

We note that Martin raises the matter under the rubric of sufficiency of the evidence. A defendant need not file a posttrial motion attacking the sufficiency of the evidence in order to preserve that issue for review on appeal. See *Enoch*, 122 Ill. 2d at 190; *People v. Chirchirillo*, 393 Ill. App. 3d 916, 922 (2009). But here, Martin's actual challenge is to the admissibility of the statement, which he contends should not have been allowed. To the extent the issue is actually one of the admissibility of the evidence instead of the sufficiency of it, Martin forfeited it. See *People v. Rigsby*, 383 Ill. App. 3d 818, 824 (2008). In any event, the trial court committed no error in admitting the statement, and thus the evidence was sufficient to convict Martin.

When we review a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the responsibility of the trier of fact to assess the credibility of the witnesses and the weight of their testimony, resolve conflicts in the evidence, and draw reasonable inferences from the evidence, and this court will not substitute its judgment for that of the trier of

fact on these matters. *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001). On the other hand, we review *de novo* a challenge under the confrontation clause. *People v. Williams*, 238 Ill. 2d 125, 141 (2010).

A battery occurs when the defendant "intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12—3 (West 2006). As relevant here, a defendant commits aggravated battery when he or she commits a battery on or about a public way (720 ILCS 5/12—4(b)(8) (West 2006)), and a defendant commits domestic battery when he or she commits a battery to "any family or household member" (720 ILCS 5/12—3.2(a)(1) (West 2006)).

Section 115—10.1 of the Code of Criminal Procedure of 1963 provides that a witness's prior inconsistent statement is not inadmissible under the hearsay rule if:

"(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

(1) was made under oath at a trial, hearing, or other proceeding, or

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

(A) the statement is proved to have been written or signed by the witness, or

(B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into

evidence of the prior statement is being sought, or at a trial, hearing, or other proceeding, or

(C) the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording."  725 ILCS 5/115—10.1 (West 2006).

The prior statement need not directly contradict testimony given at trial to be considered inconsistent, as that term also includes evasive answers, silence, or changes in position.  *People v. Flores*, 128 Ill. 2d 66, 87 (1989) (quoting *United States v. Williams*, 737 F.2d 594, 608 (7th Cir. 1984)).  "One of the policies underlying section 115—10.1 of the Code is to protect parties from 'turncoat' witnesses who back away from a former statement made under circumstances indicating that it was likely to be true."  (Internal quotation marks omitted.)  *People v. Tracewski*, 399 Ill. App. 3d 1160, 1165 (2010) (quoting *People v. Speed*, 315 Ill. App. 3d 511, 517 (2000)).

Here, Hosey's testimony contradicted her written statement in that she professed her inability to remember it—something that the trial court specifically found to be evasive.  The written statement explained events that were within her personal knowledge when she made it, and she acknowledged that she wrote the statement in that she conceded that it was written in her handwriting.  As we address further below, she was also subject to cross-examination.  Accordingly, although Martin forfeited the issue, we observe that the statement was admissible under section 115—10.1.

Martin argues, however, that admission of the statement violated his constitutional right to confrontation and that the evidence was insufficient to convict him without it.  Specifically, relying on *People v. Learn*, 396 Ill. App. 3d 891, 902 (2009), he argues that Hosey's memory loss made

meaningful cross-examination impossible, resulting in her being unavailable for cross-examination. As noted, Martin did not raise the confrontation issue in the trial court. However, when a defendant's challenge to the trial court's ruling is of constitutional dimension, we generally disregard forfeiture. See *People v. Centeno*, 333 Ill. App. 3d 604, 615 (2002).

To be admissible, a witness's prior inconsistent statement must not only satisfy the requirements under section 115—10.1 but must also satisfy the confrontation clause. *Tracewski*, 399 Ill. App. 3d at 1165; *People v. Leonard*, 391 Ill. App. 3d 926, 934 (2009). The confrontation clause requires that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him." U.S. Const., amend. VI.

"[U]nder the confrontation clause of the United States Constitution, a testimonial statement of a witness who does not testify at trial is inadmissible unless (1) the witness is unavailable to testify, and (2) the defendant had a prior opportunity for cross-examination." *People v. Garcia-Cordova*, 392 Ill. App. 3d 468, 479 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). However, "where 'the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.' " *Id*. at 480 (quoting *Crawford*, 541 U.S. at 59 n.9).

"The confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *People v. Hampton*, 387 Ill. App. 3d 206, 214 (2008). Thus, addressing a witness's lack of memory, the Fourth District has held that the confrontation clause is not violated by the admission of the witness's out-of-court statements, as long as the witness is subject to full cross-examination. *Tracewski*, 399 Ill. App. 3d at 1166. The confrontation clause is not violated when a witness

appears, answers questions, and is cross-examined, but is unable to remember previous events. *Id*.; see also *Leonard*, 391 Ill. App. 3d at 934 (stating that a witness is considered subject to cross-examination when he or she is placed on the stand under oath and willingly answers questions and the opposing party has an opportunity to cross-examine). Thus, " '[t]here are no confrontation[-]clause problems merely because the witness's memory problems preclude him from being cross-examined to the extent the parties would have liked.' " *Tracewski*, 399 Ill. App. 3d at 1166 (quoting *Leonard*, 391 Ill. App. 3d at 934-35); see also *People v. Bryant*, 391 Ill. App. 3d 1072, 1091-1100 (2009) (discussing multiple cases). Likewise, we have held that a witness who appears and is able to testify is not unavailable for cross-examination simply because he or she cannot recall some events. See *Garcia-Cordova*, 392 Ill. App. 3d at 483.

Here, Hosey physically appeared at trial and was cross-examined by defense counsel. She was able to answer questions and willingly did so. We agree that her alleged lack of memory did not create confrontation-clause problems merely because it precluded her from being cross-examined to the extent that Martin would have liked. Therefore, the admission of Hosey's written statement did not violate Martin's right to confront the witnesses against him.

Martin, however, contends that our decision in *Learn* requires a different result. *Learn* was decided on remand from our supreme court for reconsideration in light of its ruling in *In re Rolandis G.*, 232 Ill. 2d 13 (2008).

*Rolandis G.* involved a child witness who, after answering a few preliminary questions, refused to answer questions about the alleged offense. The defendant's attorney then declined an opportunity to cross-examine the witness. Our supreme court held that out-of-court statements by the child were inadmissible under *Crawford*, because the child did not testify at trial and there was

no previous opportunity for cross-examination. Thus, under *Rolandis G.*, where a child answers some preliminary questions but refuses to answer substantive questions regarding the allegations, the child is unavailable for cross-examination. *Garcia-Cordova*, 392 Ill. App. 3d at 481.

In *Learn*, we held that a child witness was unavailable for cross-examination when she gave preliminary testimony that she knew the defendant and did not like him, but then began to cry and did not answer further questions. The child also said during initial questioning that she did not know if she would tell the truth. Relying in part on cases involving children who are unable to testify because of fear or who are unable to communicate in a courtroom setting, we determined that the child was unavailable to testify for purposes of section 115—10.1. *Learn*, 396 Ill. App. 3d at 898-99 (citing *In re T.T.*, 384 Ill. App. 3d 147, 156 (2007), and *People v. Coleman*, 205 Ill. App. 3d 567, 583 (1990)). However, we have distinguished such cases from those where a witness was able to testify and did so willingly, but was unable to remember past events. See *Garcia-Cordova*, 392 Ill. App. 3d at 483-84 (distinguishing *Rolandis G.*). Here, we do so again.

In both *Learn* and *Rolandis G.* the issue was one of competency. In each case, the witness was unable to testify and, as a result, did not answer any substantive questions. Thus, there was no ability for the witness to respond at all, even if only to state a lack of memory, leading also to the inability to cross-examine the witness. Here, Hosey was competent to testify and actually did so. She appeared in court, was competent and able to testify, provided substantive answers to questions, and was cross-examined. The fact that some of those answers were that she did not remember previous events did not make her unable, and thus unavailable, to testify. Accordingly, the admission of Hosey's written statement did not violate Martin's right to confrontation.

### III. CONCLUSION

Based on Hosey's written statement and the testimony of Officer Ely, the evidence was sufficient to convict Martin. Indeed, he does not contend that the evidence was insufficient if the written statement was properly before the court. Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.